## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GEORGE HAJATI,
  *Plaintiff*,

v.

U.S. DEPARTMENT OF PROBATION, et al.,,
  *Respondents.*

No. 3:22-cv-887 (VAB) consolidated   :
with No. 3:22-cv-888 (VAB)

  :

## RULING AND ORDER ON MOTION TO DISMISS

George Hajati ("Petitioner") filed this petition for habeas relief under 28 U.S.C. § 2241 while incarcerated at Drapelick Residential Reentry Center, a halfway house in Bloomfield, Connecticut. Pet., ECF No. 1, 3:22cv887(VAB). In his petition, Petitioner challenged the application of his credits under the First Step Act ("FSA") to his term of incarceration. [1] *Id.* Petitioner requested the Court to enjoin Respondents "from their unlimited delay respecting the Earned Time Credits under the [FSA]." Pet'r Mem. at 17, ECF No. 1, 3:22cv888 (VAB).

Respondents have filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Mot. to Dismiss, ECF No. 11. In their motion, Respondents explain that Bureau of Prisons ("BOP") determined Petitioner's entitlement under the FSA, that Petitioner was released on July 6, 2022, and is now on supervised release at his home. *Id.* at 3; Resp'ts' ex. A at ¶¶ 16-17, ECF No. 11-2. Respondents argue that the petition should be dismissed due to Petitioner's failure to

---

[1] The Court consolidated Petitioner's cases filed under dockets 3:22cv887 and 3:22cv888 because they assert the same challenge and seek the same relief. Order, ECF No. 6. Thus, the Court considers all materials filed for these matters together as one consolidated action.

exhaust his administrative remedies.[2] *Id.* at 9-10. Petitioner has not filed any objection or other response to the motion to dismiss. Nor has he requested a motion for extension of time to do so.[3]

For the reasons stated below, Respondents' motion to dismiss (Doc. No. 11) is **GRANTED**, and Petitioner's habeas petition is **DISMISSED** without prejudice.

## I.   STANDARD OF REVIEW

The "Court reviews a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6)." *Spiegelmann v. Erfe*, No. 3:17-CV-2069 (VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief.

---

[2] The Court will consider the merits of Respondents' motion to dismiss to the extent that Petitioner's habeas petition for relief is not moot. *Lallave v. Martinez*, No. 22CV791NGGRLM, 2022 WL 2338896, at *4 (E.D.N.Y. June 29, 2022) ("Federal courts have subject matter jurisdiction only where there is a live controversy and must dismiss a case when the issue between the parties becomes moot.").

[3] Respondents filed their motion to dismiss on September 30, 2022. They provided Petitioner a notice under Local Rule 12(a) that his failure to file a response to the motion within 21 days of its filing date could result in a dismissal of this action. *See* Notice, ECF No. 11-3.

*See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).[4]

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

## II.   DISCUSSION

Section 2241 applies to "challenges to the execution of a federal sentence, including such matters as the administration of parole, ... prison disciplinary actions, prison transfers, type of detention and prison conditions." *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (internal quotations omitted). Section 2241 does not expressly require exhaustion of state law or administrative remedies, but subsequent caselaw imposed such a requirement to accommodate principles of federalism. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (noting Prison Litigation Reform Act ("PLRA") exhaustion requirement does not apply to habeas actions but exhaustion for section 2241 petition is required under decisional law); *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976).[5] Absent a showing of "cause and

---

[4] In deciding a motion to dismiss, the Court may also consider documents attached to the Complaint, documents incorporated by reference therein, documents relied on in bringing the action which were in Petitioner's possession or of which Petitioner had knowledge, and matters of which judicial notice may be taken. S*ee Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).

[5] In *Jones v. Smith*, 720 F.3d 142, 145 n.3 (2d Cir. 2013), the Second Circuit noted without deciding that the PRLA could apply to § 2241 petitions challenging conditions of confinement. As it is not clear whether the PLRA applies to this 2241 petition, the court considers this matter under the relevant decisional law imposing exhaustion for a § 2241 action.

prejudice," federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief. *Carmona*, 243 F.3d at 632 ("the interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process."). Exhaustion prior to filing a section 2241 petition is subject to judge-made exceptions, including futility "either because agency decisionmakers are biased or because the agency has already determined the issue[;]" incapability "where the administrative process would be incapable of granting adequate relief[;]" and undue prejudice due to "an unreasonable or indefinite timeframe for administrative action" that justifies a federal court's consideration prior to the complete exhaustion of administrative remedies. *Martinez-Brooks*, 459 F. Supp. 3d at 437 (citations omitted).

In his petition, Petitioner admits that he did not seek or file any administrative remedies, although he asserts that exhaustion is not applicable to his claim because it involves statutory interpretation. Pet., ECF No. 1 at 2, 3:22cv887 (VAB); Pet'r Mem. at 2, 3:22cv888 (VAB). But exhaustion is required for Petitioner's challenge to the BOP's application of his FSA credits because the BOP is in the best position to assess whether there was an error in considering Petitioner's entitlement to credit under the FSA and "should be given an opportunity to correct any such error." *Reyes v. United States*, No. 22-CV-6064 (NSR), 2022 WL 4240821, at *1 (S.D.N.Y. Aug. 26, 2022); *see also Rosenberg v. Pliler*, No. 21-CV-5321 (VEC), 2021 WL 6014938, at *3 (S.D.N.Y. Dec. 20, 2021) (noting exhaustion of administrative remedies is appropriate for claim challenging applicability of credits under FSA); *but see Lallave v. Martinez*, 2022 WL 2338896, at *9-*10 (E.D.N.Y. June 29, 2022) (exhaustion could be excused on the basis of irreparable harm

if Petitioner was eligible for immediate or imminent release if credits were applied under the FSA).[6]

 As it is clear from the face of the Petition, Petitioner failed to exhaust his administrative remedies and there is no ground for excusing exhaustion due to futility, incapability, or undue prejudice, the Court must grant Respondents' motion to dismiss.

## III.    CONCLUSION

For the foregoing reasons and absent objection, Respondents' motion to dismiss (Doc. No. 11) is **GRANTED**, and Petitioner's habeas petition is **DISMISSED** without prejudice.

The Clerk of Court is instructed to close this case.

Any appeal from this order would not be taken in good faith. Thus, a certificate of appealability will not issue.

**SO ORDERED** at Bridgeport, Connecticut, this 24th day of March, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[6] Here, Petitioner does not face any irreparable harm because his sentence was already recalculated and he was released to his term of supervised release. Resp'ts' ex. A at ¶¶ 16-17, ECF No. 11-2.